Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
  ahami@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>PHILMAR CARE, LLC,<br><br>      Debtor. | Case No. 6:18-bk-20286-WJ<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; (3) AVOIDANCE AND RECOVERY OF UNLAWFUL DISTRIBUTIONS; (4) PRESERVATION OF AVOIDED TRANSFERS; (5) ACCOUNTING; AND (6) DISALLOWANCE OF CLAIMS**<br><br>DATE:<br>TIME:   [To Be Set By Summons]<br>PLACE: |
| HOWARD M. EHRENBERG, solely in his capacity as chapter 7 trustee,<br><br>      Plaintiff,<br><br>  vs.<br><br>BENCION JAKOBOVITS, an individual,<br><br>      Defendant. | |

ASH 2708023v1

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    For his "Complaint For (1) Avoidance And Recovery of Preferential
2 Transfers, (2) Avoidance And Recovery of Fraudulent Transfers, (3) Avoidance and
3 Recovery of Unlawful Distributions, (4) Preservation of Avoided Transfers, (5)
4 Accounting; and (6) Disallowance of Claims" (the "Complaint"), plaintiff Howard M.
5 Ehrenberg (the "Trustee" or "Plaintiff"), the duly appointed, qualified, and acting chapter 7
6 trustee for the bankruptcy estate of Philmar Care, LLC (the "Debtor"), hereby alleges as
7 follows:

8    **STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

9    1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§
10 157(b)(1) and 1334(a).  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),
11 (B), (F), (H), and (O).  This action is a proceeding arising in and/or related to the
12 bankruptcy case of In re Philmar Care, LLC, bearing Case No. 6:18-bk-20286-WJ (the
13 "Bankruptcy Case"), which is a case under chapter 7 of title 11 of the United States Code,
14 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and which is pending in the United
15 States Bankruptcy Court for the Central District of California, Riverside Division (the
16 "Bankruptcy Court" or "Court").  Regardless of whether this proceeding is core, non-core,
17 or otherwise, Plaintiff consents to the entry of a final order and judgment by the
18 Bankruptcy Court.  Defendant (defined below) is hereby notified that Rule 7008 of the
19 Federal Rules of Bankruptcy Procedure requires defendants to plead whether consent is
20 given to the entry of a final order and judgment by the Bankruptcy Court.

21    2.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §§
22 1408 and 1409.

23    **PARTIES AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

24    3.    Plaintiff is the chapter 7 trustee for the Debtor's bankruptcy estate
25 (the "Estate") and its respective creditors.  Plaintiff brings this action solely in his capacity
26 as chapter 7 trustee for the Estate and its creditors.  To the extent that Plaintiff hereby
27 asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that
28 basis alleges thereon, that there exists in this Bankruptcy Case one or more creditors

ASH 2708023v1                                -2-

holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

4. As alleged below, Plaintiff was appointed as chapter 11 trustee, and then as chapter 7 trustee, after the Debtor commenced this Bankruptcy Case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against Defendant and to challenge and recover transfers made to or for the benefit of Defendant in addition to those transfers alleged in this Complaint.

5. Defendant Bencion Jakobovits ("Defendant") is an individual who, Plaintiff is informed and believes, and based thereon alleges, is, or, at all relevant times, was, residing in the State of California. Plaintiff is informed and believes, and based thereon alleges, that Defendant is, or at all relevant times was, a member of the Debtor and owned equity interests in the Debtor. Plaintiff is further informed and believes, and based thereon alleges, that Defendant was an entity for whose benefit certain of the avoidable and recoverable transfers alleged in this Complaint were made and/or transferees of such transfers.

6. Plaintiff is informed and believes that, as of the Petition Date (defined below), the Debtor was the licensed operator of a 204 bed skilled nursing facility commonly known as the "San Fernando Post-Acute Hospital" (the "Facility"), which was being operated pursuant to that "Lease and Skilled Care Nursing Facility Operator's Agreement" (the "Lease") dated January 1, 2008, by and between El Sereno Manor, Inc. ("El Sereno"), as lessor, and the Debtor, as lessee.

7. On March 8, 2017, the Facility was cited by the California Department of Healthcare Services ("DHS") to correct various deficiencies. Although the Debtor claims it was able to resolve the deficiencies cited by the DHS, the Centers for Medicare and Medicaid Services ("CMS") designated the Facility as a "Special Focus

ASH 2708023v1                    -3-

Facility" (the "SF Designation").

8.     As the payroll tax liabilities of the Debtor began to mount as a result of the continuous imposition of penalties and fees, in or about June 2016, the Debtor employed a healthcare broker in order to market the Facility and generate proceeds sufficient to satisfy the liabilities of the Debtor, including, but not limited to the outstanding payroll tax liabilities.  In the course of that process, the Debtor reached an agreement with its lessor by which the lessor would create a single purpose entity for the purpose of participating in the sale process and resolving other matters unrelated to the Facility.  To this end, on or about August 31, 2018, Golden State Health Centers, Inc. ("Golden State"), El Sereno, Martin Weiss, Hadassah Weiss, the Debtor, P & M Management, Inc., Phillip Weinberger, Marylynn Mahan, Mesa Glen Holdings, LLC, Sela Healthcare, Inc., Silverscreen Healthcare, Inc., and P & M Holdings Corporation (collectively, the "MOU Parties") entered a "Memorandum of Understanding" (the "MOU").  Pursuant to the MOU, among other things, a management agreement by and between the Debtor and Foothill Legacy, LLC (the "Foothill Management Agreement"), was finalized by and between the Debtor and Foothill Legacy, LLC ("Foothill") (an affiliate of Golden State).  In accordance with the terms of the Foothill Management Agreement, as of August 31, 2018, Foothill assumed all operational responsibility for the Facility, and continued to act as the manager and operator of the Facility.

9.     Aside from the liabilities, if any, due and owing to Foothill and/or certain other MOU Parties under the MOU or the Foothill Management Agreement, the Internal Revenue Service (the "IRS") filed a proof of claim in the amount of $5,191,277.91, later amended to $5,086,554.65, of which $3,919,604.87 is alleged to be a secured claim, with liabilities extending at least as far back as 2014.  In addition, Plaintiff is informed and believes, and based thereon alleges, that the Employment Development Department of the State of California (the "EDD") is owed approximately $550,000 in unpaid taxes, and that the DHS is owed approximately $500,000 to $1,000,000 in Quality Assurance Fees.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

10. Furthermore, Plaintiff is informed and believes, and based thereon alleges, that due to the Debtor's failure to remit approximately $1,300,000 of a $3,300,000 overpayment made by Medi-Cal, as of the Petition Date, the Debtor's Medi-Cal payments were not being made until the full amount of the unreturned overpayment is recouped and/or offset. Plaintiff if informed and believes, and based thereon alleges, that, as of on or about the Petition Date, the amount that was remaining to be recouped and/or offset by Medi-Cal was approximately $500,000 to $750,000.

11. Finally, Plaintiff is informed and believes, and based thereon alleges, that, as of the Petition Date, Foothill and the IRS were asserting a security interest in most, if not all, of the Debtor's assets, including, without limitation, inventory, equipment, accounts receivable (including healthcare insurance receivables), fixtures, and general intangibles, and, prior to the Petition Date, the EDD was levying on one of the Debtor's bank accounts to satisfy its pre-petition claim.

12. Plaintiff is informed and believes, and based thereon alleges, that during a time when the Debtor was in a precarious financial state - having received the SF Designation, incurred significant payroll tax liabilities, and fallen significantly behind on its obligations to the IRS, the EDD, and the DHS, with certain liabilities relating to periods at least as far back as 2014 - and further exacerbating the Debtor's unstable financial condition, Weinberger and/or Mahan were draining cash from the Debtor, including, but not limited to, cash received by virtue of the substantial Medi-Cal overpayments by, among other things, causing the Debtor to make large payments, distributions, or other transfers to or for the benefit of Defendant.

13. On December 7, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Riverside Division, commencing the above-captioned case.

14. On December 10, 2018, the Debtor then filed a second voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court, Central District of California, San Fernando Valley Division (bearing Case No. 1:18-bk-12966-MB) (the "Second Case").

15. On December 21, 2018, the Court entered its "Order to Show Cause Regarding Appointment of a Chapter 11 Trustee or Conversion of the Case to Chapter 7".

16. On January 4, 2019, the bankruptcy court in the Second Case entered its "Order Dismissing Bankruptcy Case As of January 4, 2019 [Second Case Dkt. No. 24]", resulting in the dismissal of the Second Case as of January 4, 2019.

17. On January 8, 2019, the Court appointed a chapter 11 trustee in the present bankruptcy case. At or about that time, Plaintiff was appointed as the chapter 11 trustee the Bankruptcy Case.

18. Upon Plaintiff's motion, the Bankruptcy Case was converted to chapter 7 on or about April 19, 2019, at which time Plaintiff was appointed to serve as the chapter 7 trustee in the Bankruptcy Case and continues to serve in such capacity.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

19. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18 as though set forth in full.

20. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made one or more transfers of property in the form of payments to Defendant during the 90-day period prior to the Petition Date in the aggregate amount to be determined (collectively, the "90-Day Preferential Transfers").

21. Plaintiff is informed and believes, and based thereon alleges, that the 90-Day Preferential Transfers were made to or for the benefit of Defendant.

22. Plaintiff is informed and believes, and based thereon alleges, that the 90-Day Preferential Transfers satisfy the definition of "transfers" as that term is defined in 11 U.S.C. § 101(54).

23. Plaintiff is informed and believes, and based thereon alleges, that the

90-Day Preferential Transfers were transfers of interests of the Debtor in property.

24. Plaintiff is informed and believes, and based thereon alleges, that the 90-Day Preferential Transfers were made for or on account of antecedent debts owed by the Debtor to Defendant before the 90-Day Preferential Transfers, and each of them, were made.

25. Plaintiff is informed and believes, and based thereon alleges, that the 90-Day Preferential Transfers were made while the Debtor was insolvent, and, in any event, the Debtor is presumed to have been insolvent at the time the 90-Day Preferential Transfers, and each of them, were made pursuant to 11 U.S.C. § 547(f).

26. Plaintiff is informed and believes, and based thereon alleges, that, given the financial condition of the Estate, the 90-Day Preferential Transfers enabled Defendant to receive more than Defendant would have received if (a) this Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (b) the 90-Day Preferential Transfers had not been made; and (c) Defendant received payments of such debts to the extent provided by the Bankruptcy Code.

27. Plaintiff is informed and believes, and based thereon alleges, that interest on the 90-Day Preferential Transfers has accrued and continues to accrue from the date the 90-Day Preferential Transfers, and each of them, were made.

28. Plaintiff is informed and believes, and based thereon alleges, that, based on the foregoing, Plaintiff may avoid the 90-Day Preferential Transfers pursuant to 11 U.S.C. § 547.

**SECOND CLAIM FOR RELIEF**

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 as though set forth in full.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendant is an insider of the Debtor as the term "insider" is defined by 11 U.S.C. § 101(31) and applicable case law.

31. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made one or more transfers of property in the form of payments to Defendant during the 1-year period prior to the Petition Date in the aggregate amount to be determined (collectively, the "1-Year Preferential Transfers," and together with the 90-Day Preferential Transfers, the "Preferential Transfers").Plaintiff is informed and believes, and based thereon alleges, that the 1-Year Preferential Transfers were made to or for the benefit of Defendant.

32. Plaintiff is informed and believes, and based thereon alleges, that the 1-Year Preferential Transfers satisfy the definition of "transfers" as that term is defined in 11 U.S.C. § 101(54).

33. Plaintiff is informed and believes, and based thereon alleges, that the 1-Year Preferential Transfers were transfers of interests of the Debtor in property.

34. Plaintiff is informed and believes, and based thereon alleges, that the 1-Year Preferential Transfers were for or on account of antecedent debts owed by the Debtor to Defendant before the 1-Year Preferential Transfers, and each of them, were made.

35. Plaintiff is informed and believes, and based thereon alleges, that the 1-Year Preferential Transfers were made while the Debtor was insolvent.

36. Plaintiff is informed and believes, and based thereon alleges, that, given the financial condition of the Estate, the 1-Year Preferential Transfers enabled Defendant to receive more than Defendant would have received if (a) this Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (b) the 1-Year Preferential Transfers had not been made; and (c) Defendant received payments of such debt to the extent provided by the Bankruptcy Code.

37. Plaintiff is informed and believes, and based thereon alleges, that interest on the 1-Year Preferential Transfers has accrued and continues to accrue from the date the 1-Year Preferential Transfers, and each of them, were made.

38. Plaintiff is informed and believes, and based thereon alleges, that,

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

based on the foregoing, Plaintiff may avoid the 1-Year Preferential Transfers pursuant to 11 U.S.C. § 547.

### THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

39. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18 as though set forth in full.

40. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made one or more transfers of property in the form of payments to Defendant during the 4-year period prior to the Petition Date in the aggregate amount to be determined, but not less than $70,000 (collectively, the "4-Year Constructive Fraudulent Transfers").

41. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the 4-Year Constructive Fraudulent Transfers (a) without receiving a reasonably equivalent value in exchange for such transfers, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due, because, without limitation: (a) such transfers were made during a time when the Debtor was in a precarious financial state - having received the SF Designation, incurred significant payroll tax liabilities, and fallen significantly behind on its obligations to the IRS, the EDD, and the DHS (among others); and (b) the Debtor placed the funds comprising the 4-Year Constructive Fraudulent Transfers out of reach of the Estate and its creditors.

42. Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the 4-Year Constructive Fraudulent Transfers were voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11

U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

43.   Plaintiff is informed and believes, and based thereon alleges, that, based on the foregoing, Plaintiff may avoid the 4-Year Constructive Fraudulent Transfers.

## FOURTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))**

44.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18, and paragraphs 39 through 43, as though set forth in full.

45.   Plaintiff is informed and believes, and based thereon alleges, that the Debtor made one or more transfers of property in the form of payments to Defendant during the 2-year period prior to the Petition Date in the aggregate amount to be determined, but not less than $15,000 (collectively, the "<u>2-Year Constructive Fraudulent Transfers</u>," and together with the 4-Year Constructive Fraudulent Transfers, the "<u>Constructive Fraudulent Transfers</u>").

46.   Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than a reasonably equivalent value in exchange for the 2-Year Constructive Fraudulent Transfers, and (a) the Debtor was insolvent on the date that such transfers were made or became insolvent as a result of such transfers, (b) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any remaining property remaining with the Debtor was an unreasonably small capital, or (c) the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

47.   Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the 2-Year Constructive Fraudulent Transfers were voidable under 11 U.S.C. § 544(b) by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502 or that were and are not

allowable only under 11 U.S.C. § 502(e).  These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

48.     Plaintiff is informed and believes, and based thereon alleges, that, based on the foregoing, Plaintiff may avoid the 2-Year Constructive Fraudulent Transfers.

## FIFTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07)**

49.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18, and paragraphs 39 through 48, as though set forth in full

50.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor made one or more transfers of property in the form of payments to Defendant during the 4-year period prior to the Petition Date in the aggregate amount to be determined, but not less than $70,000 (collectively, the "<u>4-Year Actual Fraudulent Transfers</u>").

51.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the 4-Year Actual Fraudulent Transfers with intent to hinder, delay, and/or defraud creditors of the Debtor in that, without limitation, the 4-Year Actual Fraudulent Transfers were: (a) transfers to an insider of the Debtor; (b) made at a time when the Debtor was sued or threatened with suit as set forth in the Debtor's Statement of Financial Affairs; (c) made at a time when the EDD and potentially other creditors were levying on the Debtor's assets or otherwise enforcing claims and liens against the Debtor; (d) made in exchange for less than a reasonably equivalent value; (e) were made shortly before or shortly after the Debtor incurred substantial debt and during a time when the Debtor was in a precarious financial state - having received the SF Designation, incurred significant payroll tax liabilities, and fallen significantly behind on its obligations to the IRS, the EDD, and the DHS (among others).

52. Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the 4-Year Actual Fraudulent Transfers were voidable under California Civil Code §§ 3439.04(a)(1) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

53. Plaintiff is informed and believes, and based thereon alleges, that, based on the foregoing, Plaintiff may avoid the 4-Year Actual Fraudulent Transfers.

## SIXTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A))**

54. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18, and paragraphs 39 through 53, as though set forth in full.

55. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made one or more transfers of property in the form of payments to Defendant during the 2-year period prior to the Petition Date in the aggregate amount to be determined, but not less than $15,000 (collectively, the "2-Year Actual Fraudulent Transfers," and together with the 4-Year Actual Fraudulent Transfers, the "Actual Fraudulent Transfers").

56. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the 2-Year Actual Fraudulent Transfers with intent to hinder, delay, and/or defraud creditors of the Debtor in that, without limitation, the 2-Year Actual Fraudulent Transfers were: (a) transfers to an insider of the Debtor; (b) made at a time when the Debtor was sued or threatened with suit as set forth in the Debtor's Statement of Financial Affairs; (c) made at a time when the EDD and potentially other creditors were levying on the Debtor's assets or otherwise enforcing claims and liens against the Debtor; (d) made in exchange for less than a reasonably equivalent value; (e) were made shortly

1 before or shortly after the Debtor incurred substantial debt and during a time when the
2 Debtor was in a precarious financial state - having received the SF Designation, incurred
3 significant payroll tax liabilities, and fallen significantly behind on its obligations to the
4 IRS, the EDD, and the DHS (among others).

5    57. Plaintiff is informed and believes, and based thereon alleges, that, at
6 all relevant times, the 2-Year Actual Fraudulent Transfers were voidable under California
7 Civil Code §§ 3439.04(a)(1) and 3439.07 by one or more creditors who held and hold
8 unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502
9 or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors
10 include those creditors who are listed in the Debtor's schedules as holding undisputed
11 claims or who have filed proofs of claim against the Estate.

12    58. Plaintiff is informed and believes, and based thereon alleges, that,
13 based on the foregoing, Plaintiff may avoid the 2-Year Actual Fraudulent Transfers.

## SEVENTH CLAIM FOR RELIEF

**(Unlawful Distributions Pursuant to Cal. Corp. Code §§ 17704.05 and 17704.06)**

16    59. Plaintiff realleges and incorporates herein by reference each and
17 every allegation contained in paragraphs 1 through 58 as though set forth in full.

18    60. Plaintiff is informed and believes, and based thereon alleges, that the
19 Debtor made one or more transfers of property in the form of distributions to Defendant
20 during the 4-year period prior to the Petition Date in the aggregate amount to be
21 determined, but not less than $70,000 (collectively, the "<u>Unlawful Distributions</u>").

22    61. Plaintiff is informed and believes, and based thereon alleges, that the
23 Unlawful Distributions were made in violation of section 17704.05 of the California
24 Corporations Code.

25    62. Plaintiff is informed and believes, and based thereon alleges, that, at
26 all relevant times, Defendant knew the Unlawful Distributions were made in violation of
27 section 17704.05 of the California Corporations Code.

28    63. Plaintiff is informed and believes, and based thereon alleges, that the

Unlawful Distributions are voidable or subject to recovery, and that Defendant is liable for return of the Unlawful Distributions, under sections 17704.05, 17704.06(a), and 17704.06(c).

64. Plaintiff is informed and believes that the Unlawful Distributions were voidable under California Corporations Code §§ 17704.06 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

65. Plaintiff is informed and believes, and based thereon alleges, that, based on the foregoing, Plaintiff may avoid the Unlawful Distributions.

## EIGHTH CLAIM FOR RELIEF

## (Recovery of Avoided Transfers or Their Value Pursuant to 11 U.S.C. § 550(a))

66. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 65 as though set forth in full.

67. Each of the Preferential Transfers, the Constructive Fraudulent Transfers, the Actual Fraudulent Transfers, and the Unlawful Distributions (each, a "Transfer," and collectively, the "Transfers") is a transfer of the Debtor's interest in property that should be avoided as set forth above and, based thereon, Plaintiff is entitled to avoid all such Transfers, and each of them.

68. Plaintiff is informed and believes, and based thereon alleges, that Defendant is an entity for whose benefit the Transfers were made and/or is a transferee (initial, immediate, mediate and/or otherwise) of one or more of the Transfers, within the meaning of 11 U.S.C. § 550(a). Based thereon, Plaintiff is entitled to recover the Transfers, and each of them, or the value thereof, together with interest at the applicable rate from the date of each Transfer for the benefit of the Estate.

ASH 2708023v1                                        -14-

## NINTH CLAIM FOR RELIEF

### (Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)

69. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 68 as though set forth in full.

70. Pursuant to 11 U.S.C. § 551, the Transfers, upon their avoidance, should be preserved for the benefit of the Estate.

## TENTH CLAIM FOR RELIEF

### (Accounting)

71. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 70 as though set forth in full.

72. Plaintiff is informed and believes, and based thereon alleges, that Defendant has failed and continues to fail to remit to the Estate the funds comprising the Transfers.

73. Plaintiff is informed and believes, and based thereon alleges, that the information necessary for Plaintiff to determine the exact amount that are the subject of the Transfers are in the exclusive possession, custody, or control of Defendant.

74. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed, and continues to fail, to provide Plaintiff an accounting such that Plaintiff could determine such amounts ("Accounting").

75. By this Complaint, Plaintiff demands an Accounting. Despite such demands, Defendant has failed and refused, and continues to fail and refuse, to render such Accounting or documents or information to Plaintiff.

## ELEVENTH CLAIM FOR RELIEF

### (Disallowance of Claim)

76. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 75 as though set forth in full.

77. To the extent Defendant files a proof of claim, or otherwise asserts a claim, in the Bankruptcy Case, any such claim ("Defendant Claim") should be disallowed

in its entirety under 11 U.S.C. § 502(d).

## **RESERVATION OF RIGHTS**

78.     Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information or allegations regarding any of the Transfers, (ii) information, allegations, or claims for relief regarding any additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to the date of filing of this Complaint.

79.     Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against Defendant, on any and all grounds, as allowed under the law or in equity.  Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by Defendant on grounds separate and apart from those alleged herein.  Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

### **ON THE FIRST CLAIM FOR RELIEF**

1.      For a judgment and/or order that the 90-Day Preferential Transfers are avoidable under 11 U.S.C. § 547(b);

### **ON THE SECOND CLAIM FOR RELIEF**

2.      For a judgment and/or order that the 1-Year Preferential Transfers are avoidable under 11 U.S.C. § 547(b);

### **ON THE THIRD CLAIM FOR RELIEF**

3.      For a judgment and/or order that the 4-Year Constructive Fraudulent Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2), or providing any other appropriate remedy under California Civil Code § 3439.07;

### **ON THE FOURTH CLAIM FOR RELIEF**

4.      For a judgment and/or order that the 2-Year Constructive Fraudulent

1 | Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B);

**ON THE FIFTH CLAIM FOR RELIEF**

5. For a judgment and/or order that the 4-Year Actual Fraudulent Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE SIXTH CLAIM FOR RELIEF**

6. For a judgment and/or order that the 2-Year Actual Fraudulent Transfers are avoidable under 11 U.S.C. § 548(a)(1)(A);

**ON THE SEVENTH CLAIM FOR RELIEF**

7. For a judgment and/or order that the Unlawful Distributions are avoidable and recoverable, and that Defendant is liable for the return of the Unlawful Distributions, under Cal. Corp. Code §§ 17704.05, 17704.06(a), and 17704.06(c);

**ON THE EIGHTH CLAIM FOR RELIEF**

8. For a judgment and/or order that Plaintiff is entitled to recover each of the Transfers, or the value thereof, from Defendant under 11 U.S.C. § 550;

**ON THE NINTH CLAIM FOR RELIEF**

9. For a judgment and/or order that the Transfers, and each of them, are preserved for the benefit of the Estate;

**ON THE TENTH CLAIM FOR RELIEF**

10. For a judgment and/or order compelling Defendant to provide Plaintiff with an Accounting;

**ON THE ELEVENTH CLAIM FOR RELIEF**

11. For a judgment and/or order disallowing any Defendant Claim;

/ / /
/ / /
/ / /
/ / /
/ / /

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**ON ALL CLAIMS FOR RELIEF**

12. For interest in an amount authorized by law;

13. For costs of suit incurred herein, including, to without limitation, attorneys' fees, only to the extent permitted by applicable law; and

14. For such other and further relief as the Court deems just and proper.

DATED: December 3, 2020    **Sulmeyer**Kupetz
A Professional Corporation

By: __/s/ Asa S. Hami_____
Asa S. Hami
Attorneys for Plaintiff, Howard M. Ehrenberg,
Chapter 7 Trustee

ASH 2708023v1

-18-

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>HOWARD M. EHRENBERG, solely in his capacity as chapter 7 trustee, | **DEFENDANTS**<br>BENCION JAKOBOVITS, an individual, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Daniel Lev (CA Bar No. 129622)<br>dlev@sulmeyerlaw.com<br>Asa S. Hami (CA Bar No. 210728)<br>ahami@sulmeyerlaw.com<br>SulmeyerKupetz<br>A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California  90071-1406<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; (3) AVOIDANCE AND RECOVERY OF UNLAWFUL DISTRIBUTIONS; (4) PRESERVATION OF AVOIDED TRANSFERS; (5) ACCOUNTING; AND (6) DISALLOWANCE OF CLAIMS

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 7001(10) Deter mi nation of Removed Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law   ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint   ☒ Demand: No less than $70,000

Other Relief Sought
For interest and costs of suit.

PMD 2708056v1 12/3/2020

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Philmar Care, LLC | BANKRUPTCY CASE NO.<br>6:18-bk-20286-WJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Wayne Johnson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ *Asa S. Hami* | | |
| DATE<br>December 3, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Asa S. Hami | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.